NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS COLOCHA-PERAZA, | No. 16-72078 |
| Petitioner, | Agency No. A200-953-454 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Jose Luis Colocha-Peraza, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Colocha-Peraza did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Colocha-Peraza raises a new proposed social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Colocha-Peraza's withholding of removal claim fails.

Colocha-Peraza does not contend that the BIA erred in concluding that he waived any challenge to the IJ's denial of CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and

16-72078

argued in a party's opening brief are waived).  We lack jurisdiction to consider Colocha-Peraza's contentions regarding the merits of his CAT claim because he did not raise them to the BIA.  *See Barron*, 358 F.3d at 677-78.  Thus, Colocha-Peraza's CAT claim fails.

We do not consider the materials Colocha-Peraza references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**